# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:18-cr-053
                                                        Also 3:20-cv-217

                                                        District Judge Walter H. Rice
  - vs -                                 Magistrate Judge Michael R. Merz

THURSTON GOODJOHN,

        Defendant.         :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant's Motion for Relief from Judgment which the Court construes to be made under 28 U.S.C. § 2255 (ECF No. 26).

**Litigation History**

Defendant was indicted April 12, 2018, and charged with one count of being a felon in possession in violation of a firearm in or affecting interstate commerce in violation of 18 U.S.C. § 922(g)(1)(Indictment, ECF No. 3). On July 10, 2018, Goodjohn, assisted by counsel, entered into a Plea Agreement with the United States in which he agreed to plead guilty the charge (ECF No. 15). The Plea Agreement advises that the maximum penalty is ten years' imprisonment. As part of the agreement, the parties stipulated to the truth of the facts set forth in the attached Statement

1

of facts and that the United States would be able to prove those facts beyond a reasonable doubt at trial.

> On or about April 8, 2017, Defendant THURSTON LEWIS GOODJOHN, in the Southern District of Ohio, possessed a firearm after having been previously convicted of a felony offense.
>
> On April 8, 2017, Defendant was stopped by police, while operating a motor vehicle in the Village of North Hampton which lies within the Southern District of Ohio. Defendant was detained by police during the traffic stop as the police observed in plain view in the vehicle a Smith & Wesson SD40, serial number HEC1557 , and one magazine containing l5 rounds of ammunition. Defendant thereafter admitted to possession of the firearm to the officer, and admitted to knowing that he was a felon prohibited from possessing firearms. Prior to April 8, 2017, Defendant had been previously convicted of felony offenses:
> 1. On or about November 30, 2011, in the Clark County, Ohio Court of Common Pleas, case number 11-CR-0563-A, of "Trafficking in Crack Cocaine;"
> 2. On or about November 30, 2011, in the Clark County, Ohio Court of Common Pleas, case number 1 l-CR-0502-B, of "Trafficking in Crack Cocaine"
>
> Defendant acknowledges that the Smith & Wesson firearm described above was manufactured outside the State of Ohio, and thus moved in interstate commerce.

(ECF No. 15, PageID 28.) Judge Rice accepted the Plea Agreement and sentenced Defendant on October 9, 2018.

Defendant claims the benefit of *Rehaif v. United States,* 588 U.S. ___, 139 S. Ct. 2191 (2019), decided June 21, 2019.

> In *Rehaif* the Supreme Court interpreted 18 U.S.C. § 922(g) which provides criminal penalties for certain classes of persons to possess firearms, including aliens who are illegally or unlawfully within the United States. The Court held that the *mens rea* element of the statute – knowingly – applied to knowing whether one was within

one of the prohibited classes.  However, the only provision of § 922(g) at issue in the case was § 922(g)(5) relating to aliens; the Court expressly declined to express a view  "about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other §922(g) provisions not at issue here."

*United States v. Clegg,* 2019 WL 5307349 (S.D. Ohio Oct. 21, 2019).

*Rehaif* did not recognize any new constitutional right.  Instead, *Rehaif* reversed the conviction of a person convicted under 18 U.S.C. § 922(g)(5) for being an alien unlawfully in the country and possessing a firearm.  Rehaif had been convicted by a jury which was instructed that the Government did not have to prove he knew he was in the country illegally.  The Supreme Court interpreted the *mens rea* requirement of "knowingly" which appears in 18 U.S.C. § 924 as required to be proved beyond a reasonable doubt as to most of the elements of a 922(g) conviction.  It held:

> The term "knowingly" in §924(a)(2) modifies the verb "violates" and its direct object, which in this case is §922(g).  The proper interpretation of the statute thus turns on what it means for a defendant to know that he has "violate[d]" §922(g). With some here-irrelevant omissions, §922(g) makes possession of a firearm or ammunition unlawful when the following elements are satisfied: (1) a status element (in this case, "being an alien . . . illegally or unlawfully in the United States"); (2) a possession element (to "possess"); (3) a jurisdictional element ("in or affecting commerce"); and (4) a firearm element (a "firearm or ammunition").
>
> . . . by specifying that a defendant may be convicted only if he "knowingly violates" §922(g), Congress intended to require the Government to establish that the defendant knew he violated the material elements of §922(g).

139 S. Ct. at 2195-96.  Certainly *Rehaif* embodies a new rule of criminal procedure, but it is not a constitutional rule, but rather a rule of statutory interpretation.

3

> Moreover, the Supreme Court did not make its new rule retroactively applicable to cases on collateral review.1 The Court does not discuss retroactivity at all in *Rehaif*. The Supreme Court has a general rule by which we can determine that question, however. Subject to two narrow exceptions, a case that is decided after a defendant's conviction and sentence become final may not provide the basis for federal habeas relief if it announces a new rule. *Graham v. Collins,* 506 U.S. 461 (1993); *Stringer v. Black,* 503 U.S. 222 (1992); *Teague v. Lane*, 489 U.S. 288 (1989).

*United States v. May,* 2019 U.S. Dist. LEXIS 203817, 2019 WL 6310185 (S.D. Ohio Nov. 25, 2019). The Sixth Circuit has recently held "the rule stated in *Rehaif* is a matter of statutory interpretation, not a "new rule of constitutional law." *Khamisi-El v. United States,* 800 Fed. Appx. 344, 349 (6th Cir. 2020), citing *In re Palacios,* 931 F.3d 1314, 1315 (11th Cir. 2019).

There are two reasons why *Rehaif* provides no basis for granting Goodjohn relief from his conviction. First of all *Rehaif* provides a new rule of criminal procedure, prescribing what the government must prove for a conviction under 18 U.S.C. § 922(g). New rules of criminal procedure do not apply retroactively to case on collateral review unless they are "watershed" rules – rules signifying as much change in procedure, for example, as happened in *Gideon v. Wainwright*, 372 U.S. 335 (1963), where the Supreme Court created the right to attorney representation at public expense in all felony cases. *Teague v. Lane, supra.* Because Goodjohn was convicted before *Rehaif* was decided, it does not apply to him.

Second, *Rehaif* specified what the Government must prove to obtain a conviction under 18 U.S.C. § 922(g)(5) for possession of a firearm by a person unlawfully in the country. The Supreme Court has not yet expressly decided that the same requirements apply to a conviction under §

---

[1] Direct review is the review that occurs on direct appeal to the circuit court of appeals and ultimately, if they accept jurisdiction, to the United States Supreme Court. Collateral review occurs on a motion to vacate under § 2255 or a motion for new trial.

922(g)(1) for proving that a person is a felon in possession of a firearm, but the logic of *Rehaif* seems applicable.  If that is so, the Government would have to prove under § 922(g)(1) that the accused knew he had been convicted of a felony, that he possessed a firearm and knew that he did, and that the firearm had moved in or affected interstate commerce.  But in the Statement of Facts attached to the Plea Agreement Goodjohn not only admitted all those facts but he also admitted the Government could prove them beyond a reasonable doubt at trial.  Because all the facts necessary for conviction under § 922(g)(1) were admitted by Defendant under oath, *Rehaif* provides him no relief.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that Defendant's Notion to Vacate be dismissed with prejudice and the Clerk be instructed to enter a judgment to that effect.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

 June 5, 2020,

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.