IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

            Plaintiff,    :    Case No. 3:18-cr-053
                                                    Also 3:20-cv-217

                                                    District Judge Walter H. Rice
   - vs -                                  Magistrate Judge Michael R. Merz

THURSTON GOODJOHN,

            Defendant.    :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Objections (ECF No. 28) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 27) recommending that Defendant's Motion for Relief from Judgment under 28 U.S.C. § 2255 (ECF No. 26) be denied. District Judge Rice has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 29).

Goodjohn seeks relief from his conviction under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. That is the sole charge in the Indictment and Goodjohn, with the assistance of counsel, pleaded guilty. As part of the Plea Agreement, the parties stipulated to the attached Statement of Facts and that the United States would be able to prove those facts beyond a reasonable doubt at trial (ECF No. 15, PageID 28.) Judge Rice accepted the Plea Agreement and sentenced Defendant on October 9, 2018.

1

Defendant claims the benefit of *Rehaif v. United States,* 588 U.S. ___, 139 S. Ct. 2191 (2019), decided June 21, 2019.  The Report recommended denying relief under *Rehaif* for two reasons.  First, as a ruling on a question of statutory interpretation, *Rehaif* does not apply retroactively to cases on collateral review (Report, ECF No. 27, PageID 78, relying on *Teague v. Lane*, 489 U.S. 288 (1989)).  Second, in the Statement of Facts Goodjohn had admitted all the elements of the § 922(g)(1) charge and that the Government could prove those elements at trial. *Id.* at 78-79.

Goodjohn first objects that *Rehaif* does not announce a new rule of criminal law, but rather "is actually a clarification of existing statutory law and the intent of Congress."  (Objections, ECF No. 28 at PageID 81, citing *Rehaif*, 139 S. Ct. at 2195-96).  That is a correct characterization of the decision in *Rehaif*.

18 U.S.C. § 922(g) does not contain an explicit *scienter* or *mens rea* requirement.  18 U.S.C. § 924(a)(2), however, provides that anyone who knowingly violates § 922(g) shall be imprisoned for up to ten years.  The Supreme Court generally presumes Congress intends a *scienter* element for criminal offenses:

> Whether a criminal statute requires the Government to prove that the defendant acted knowingly is a question of congressional intent. See *Staples v. United States*, 511 U. S. 600, 605, 114 S. Ct. 1793, 128 L. Ed. 2d 608 (1994). In determining Congress' intent, we start from a longstanding presumption, traceable to the common law, that Congress intends to require a defendant to possess a culpable mental state regarding "each of the statutory elements that criminalize otherwise innocent conduct." *United States v. X-Citement Video, Inc.*, 513 U. S. 64, 72, 115 S. Ct. 464, 130 L. Ed. 2d 372 (1994); see also *Morissette v. United States*, 342 U. S. 246, 256-258, 72 S. Ct. 240, 96 L. Ed. 288 (1952). We normally characterize this interpretive maxim as a presumption in favor of "scienter," by which we mean a presumption that criminal statutes require the degree of knowledge sufficient to "mak[e] a person legally responsible for the consequences of his or her act or omission." Black's Law Dictionary 1547 (10th ed. 2014).

2

139 S. Ct. at 2195. The lower courts in *Rehaif* had held the Government did not have to prove that defendant acted knowingly as to any of the elements of his charged offense under § 922(g)(5). Reversing, the Supreme Court held the Government had to prove Rehaif acted knowingly both as to his status (being an alien unlawfully in the country) and his conduct (possessing a firearm). 139 S. Ct. at 2194. In essence the lower courts had treated § 922(g) as if it were a strict liability offense: the Government could win if it could prove the defendant had a particular prohibited status and possessed a firearm, regardless of whether he knew either of those facts. The Court in Rehaif interpreted the statute to require proof that a charged defendant knew he had the prohibited status and knew he possessed a firearm.

The Supreme Court declined to apply the scienter requirement to the jurisdictional element, to wit, did the firearm move in or affect interstate commerce. 139 S. Ct. at 2195-96.

Because it does not announce a new rule, but interpretation of an existing statute, Goodjohn claims it applies retroactively to cases on collateral review. Objections, ECF No. 28, PageID 81, citing *Khamisi-El v. United States,* 800 Fed. Appx. 344, 349 (6th Cir. 2020). In *Khamisi-El*, the Sixth Circuit did indeed hold *Rehaif* was a matter of statutory interpretation. *Id.* at 349. But it did not even suggest that it would be retroactively applicable to a case on collateral review. In fact it denied Khamisi-El permission even to file a second § 2255 motion to raise that question.

Aside from *Khamisi-El*, Goodjohn does not suggest any other authority that holds new statutory interpretations are retroactively applicable on collateral review. In *In re Hanserd,* 123 F.3d 922 (6th Cir. 1997), the circuit court held that the Supreme Court's statutory interpretation decision in *Bailey v. United States*, 516 U.S. 137 (1995), was retroactively applicable to cases where defendants had been convicted of "using" a firearm in violation of 18 U.S.C. § 924(c) when they had only possessed the firearm. However, unlike *Bailey, Rehaif* is not a case which narrowed

3

the class of punishable conduct under § 922(g). Moreover the Sixth Circuit later clarified that *Hanserd* was only applicable where AEDPA would have an impermissible retroactive effect. *In re Sonshine*, 132 F.3d 1133 (6th Cir. 1997). There is no such effect here.

The Report's second basis for denying relief is that Goodjohn admitted all the elements of a § 922(g)(1) violation and that the Government could prove them beyond a reasonable doubt. The Objections assert this is insufficient because "Goodjohn was never advised that the knowledge was an element the Government had to prove in order to convict him [constituting ] a Fifth Amendment violation that affected the outcome of the proceedings that was "NOT" corrected by the guilty plea." (Objections, ECF No. 28, PageID 81).

This is not a matter dealt with in *Rehaif*, but Goodjohn's assertion is plainly in error. While the Fifth Amendment does require that a federal indictment contain every element of the crime, the Indictment here plainly alleges that Goodjohn knowingly violated § 922(g)(1)(Indictment, ECF No. 3, PageID 5.)

Goodjohn concludes his Objections by noting the Report does not mention appointment of counsel. However, his § 2255 Motion does not request appointment of counsel. To the extent the Objections now request such an appointment, it is denied. Appointment of counsel in § 2255 cases is required only where an evidentiary hearing is ordered. The Court's resources for compensating appointed counsel are sufficiently scarce that it is very rare to appoint counsel in cases where no hearing has been ordered. Because the § 2255 Motion presents only legal questions, appointment is not required here.

**Conclusion**

Having reconsidered the Motion to Vacate in light of the Objections, the Magistrate Judge again recommends it be dismissed with prejudice and a judgment to that effect be entered under Fed.R.Civ.P. 58. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 2, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.