IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff, | | Case Nos. 3:18-cr-53, 3:20-cv-217 |
| v. | : | JUDGE WALTER H. RICE |
| THURSTON GOODJOHN, | | |
|     Defendant. | : | |

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #27) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #30); OVERRULING DEFENDANT'S OBJECTIONS THERETO (DOCS. ##28, 31); OVERRULING MOTION FOR RELIEF FROM JUDGMENT (DOC. #26), WHICH THE COURT CONSTRUES AS A MOTION TO VACATE UNDER 28 U.S.C. § 2255; DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT; TERMINATION ENTRY

---

Based on the reasoning and citations of authority set forth by United States Magistrate Judge Michael R. Merz in his Report and Recommendations, Doc. #27, and Supplemental Report and Recommendations, Doc. #30, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filings in their entirety.

Defendant's Objections, Docs. ##28, 31, are OVERRULED.  The case upon which Defendant's motion hinges, *Rehaif v. United States*, 577 U.S.--, 139 S. Ct. 2191 (2019), is not applicable to cases on collateral review.  Although the Sixth

Circuit has not yet addressed this issue in a published opinion, it did do so in an unpublished decision. *See Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020) ("The rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.' *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019)."). Moreover, district courts within the Sixth Circuit have almost uniformly adopted this same view. *See, e.g., United States v. May*, No. 3:16-cr-127, 2019 U.S. Dist. LEXIS 203817, *6, 2019 WL 6310195 (S.D. Ohio Nov. 25, 2019) ("Because *Rehaif* does not apply retroactively to cases like this one on collateral review, it does not provide a basis for relief."); *Swindle v. United States*, No. 1:17-CR-158, 2020 WL 3167012, at *1 (W.D. Mich. June 15, 2020) ("*Rehaif* does not apply retroactively to cases on collateral review."); *Wallace v. United States*, —F. Supp. 3d—, 2020 WL 2194002, at *3 (M.D. Tenn. May 6, 2020) (same).[1]

Defendant asks the Court to consider *United States v. Gary*, No. 18-4578 (4th Cir. Mar. 25, 2020), in which the court, citing *Rehaif*, held that the defendant's guilty plea was not knowing and intelligent because he was not informed that the government would have to prove that he knew that he belonged to a class of persons barred from possessing a firearm, and that this was a structural error. The *Rehaif* case applied to Gary because his case was on direct

---

[1] *But see United States v. Kelley*, No. 2:12-cr-016, 2020 WL 3520276, at *2 (E.D. Ky. June 29, 2020) ("Even though *Rehaif* likely applies retroactively, Kelley's petition is untimely.").

2

appeal. In contrast, because Goodjohn is seeking collateral review, *Rehaif* does not apply.

Magistrate Judge Merz properly found that Defendant's Motion for Relief from Judgment, Doc. #26, which the Court construed as a Motion to Vacate under 28 U.S.C. § 2255, lacks merit and that there is no basis for appointment of counsel. The Court therefore OVERRULES Defendant's Motion to Vacate, Doc. #26, and DISMISSES it WITH PREJUDICE.

Given that Defendant has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Defendant is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Plaintiff and against Defendant.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: September 1, 2020

*Walter H. Rice*     (tp - per Judge Rice authorization after his review)

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

3